```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
LUIS VENTURA and ANTONIO PAVON,            :
individually and on behalf of all others   :
similarly situated,                        :     REPORT AND RECOMMENDATION
          Plaintiffs,                      :
                                           :     17 Civ. 5874 (LDH) (VMS)
                                           :
               -against-                   :
                                           :
GURU NANAK AUTO PARTS INC., GURU           :
NANAK AUTO IMPORTS INC., KRISH             :
AUTO PARTS INC. and PARVEEN                :
MALHOTRA, MANJU MALHOTRA, and              :
SUNIL MALHOTRA, as individuals,            :
                                           :
          Defendants.                      :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

**Vera M. Scanlon, United States Magistrate Judge:**

In March 2017, Defendant Parveen Malhotra was hit by a car and remained in a coma for approximately 16 months until his death. See ECF No. 17-2 ¶¶ 3-4. In October 2017, Plaintiffs Luis Ventura ("Mr. Ventura") and Antonio Pavon ("Mr. Pavon") (together, "Plaintiffs") brought this action on behalf of themselves and of all others similarly situated individuals against Guru Nanak Auto Parts Inc., Guru Nanak Auto Imports Inc., Krish Auto Parts Inc. (together "Corporate Defendants"), Parveen Malhotra ("Mr. Malhotra"), Manju Malhotra ("Mrs. Malhotra") and Sunil Malhotra (together "Individual Defendants") (collectively, "Defendants") to recover damages for alleged violations of the New York State and federal wage-and-hour laws. See generally Compl., ECF No. 1. Plaintiffs were still employed by Corporate Defendants at the time they commenced this lawsuit. See id. ¶¶ 85-86. Plaintiffs' complaint (the "Complaint") brings four causes of actions against Defendants, including: (1) failure to compensate Plaintiffs for overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1);

1

(2) failure to compensate Plaintiffs for overtime wages under New York Labor Law ("NYLL") § 652;

(3) violation of the notice-and-recordkeeping requirements of NYLL § 195(1); and

(4) violation of the wage-statement requirements of NYLL § 195(3). See id. ¶¶ 111-27. Plaintiffs seek to recover allegedly unpaid overtime wages, unpaid wages, liquidated damages, prejudgment and post-judgment interest, as well as attorneys' fees. See ECF No. 1 ¶ 13.

Following Defendants' failure to answer or otherwise participate in this action, the District Court entered a default judgment. See ECF No. 13.

Mrs. Malhotra, one of the Individual Defendants, now moves to vacate the default judgment pursuant to Federal Rule of Civil Procedure 60(b). See Mot. to Vacate, ECF No. 17; Fed. R. Civ. P. 60(b)(1). The District Court referred Mrs. Malhotra's motion to vacate the default judgment to this Court for a report and recommendation. For the following reasons, I respectfully recommend that the motion to vacate be granted.

**I. Background**

The following facts are derived from the Complaint and the motion to vacate. See Compl., ECF No. 1; Mot. to Vacate, ECF No. 17.

In support of the motion to vacate, Mrs. Malhotra offered that she and Defendant Parveen Malhotra were married in 1997. See ECF No. 17-1 at 1. On March 7, 2017, Mr. Malhotra was struck by a motor vehicle and lived in a comatic state for the following 16 months. Id. ¶¶ 3-4. Beginning November 6, 2017, Mrs. Malhotra was appointed by the New York State Court as guardian for Mr. Malhotra's "personal needs and property management." Id. ¶ 5. Mr. Malhotra died June 9, 2018. Id. ¶ 6.

2

According to the Complaint, Individual Defendant Mrs. Malhotra owned and operated the Corporate Defendants, served as their Chairman of the Board and Chief Executive Officer, and had various corporate responsibilities; still according to the Complaint, the two other Individual Defendants had exactly these roles and responsibilities. See ECF No. 1 ¶¶ 12-81. The Complaint further contains allegations about the Individual Defendants' alleged involvement in the Corporate Defendants that parrots the applicable statutes and case law; it contains almost no case-specific facts with regard to Individual Defendants' alleged involvement in the businesses. Id. For example, the Complaint alleges, without any particularized facts, that the Individual Defendants had power over personnel and payroll decisions for Corporate Defendants, as well as the power to hire and fire Corporate Defendants' employees, establish and pay said employees' wages, set employees' work schedule and maintain their employment records. See ECF No. 1 ¶¶ 16-18, 23-25, 30-32, 39-41, 46-48, 53-55, 62-64, 69-71, 76-78.

The procedural background in this matter is derived from the docket and submissions thereon.

On October 6, 2017, Plaintiffs filed the Complaint. See Compl., ECF No. 1. The summonses were issued as to all Defendants on that same day. See ECF No. 2. A process server timely served a summons on each Corporate Defendant Guru Nanak Auto Imports, Guru Nanak Auto Parts and Krish Auto Parts at 37-26 27th Street in Long Island City, Queens, New York on October 11, 2017. According to the returns of summons, the process server averred that service was made on Kevin Rivera, managing agent, who was authorized to accept service. See ECF Nos. 4-5, 9. None of the returns included any information as to the basis for this belief as to Mr. Rivera's title or authorization.

Plaintiffs filed returns of summonses for each Individual Defendant averring that service was made on October 11, 2017, on Parveen Malhotra, Sunil Malhotra and Manju Malhotra at the same address for Krish Auto Parts by delivery to Kevin Rivera as a co-worker authorized to accept service.  See ECF Nos. 6-8.[1]  The returns of summons also stated that the summons had been mailed "personal and confidential" to each individual's "last known place of business" on October 17, 2017, but no address was provided for any such location.  Id.  Based on Plaintiffs' assertion that they had satisfactorily served the Individual Defendants, their answers to the Complaint were due on or before November 7, 2017.  See id.

In their opposition to the motion to vacate, Plaintiffs' counsel provided information about events following service.  Plaintiffs' counsel Mr. Scher avers that "[o]n November 1, 2017, at 12:50 PM, we received a telephone call from a defense attorney, who informed us that he was in the process of being retained to represent Defendants in this Action, clearly establishing that Defendants were properly served and aware of the lawsuit.  This attorney later advised us that he ended up not getting retained by Defendants."  ECF No. 18 ¶ 10.  On January 18, 2018, Plaintiffs' counsel contacted "the Defendants' business representative to speak with Manju Malhotra, but were informed that she was 'unavailable'.  We requested a call back from her, but

---

[1] Of particular note is that Plaintiffs take the position that Mr. Malhotra's regular place of business was at this address even though he had been in and out of consciousness and had never returned home or to work after his accident in March 2017.  See ECF No. 17-2 ¶¶ 3-4.  The actual place of business for purposes of service under N.Y. C.P.L.R. § 308(2) does not need to be the defendant's principal place of business.  "The term 'actual place of business' has been defined as a place where the defendant is regularly physically present or regularly transacts business."  Sajimi v. City of New York, No. 07 Civ. 3252 (ENV) (MDG), 2011 WL 135004, at *3 (E.D.N.Y. Jan. 13, 2011) (citing Underwood v. Shukat, No. 01 Civ. 786, 2002 WL 1315597 (S.D.N.Y. June 14, 2002)); see Pate v. City of Rochester, 579 F. Supp. 3d 417, 426 (W.D.N.Y. 2022) ("a person's 'actual place of business' must be where the person is physically present with regularity, and that person must be shown to regularly transact business at that location") (internal citations omitted).  The Court is skeptical that service on Mr. Malhotra satisfied this standard in October 2017 given his absence since March 2017.

4

we never received one. On February 12, 2018, we contacted Defendants' business again for the same purpose, but yet again, we never heard back from any of the Defendants." ECF No. 18 ¶ 12. Plaintiffs' counsel did not identify the defense attorney representative by name. Plaintiffs' counsel further affirmed that "[o]n February 13, 2018, at around 1:00 PM, we received a call from an individual who identified himself as 'Ravi,' a manager at the business. We informed Manager Ravi that 'we need to know if they [defendants] are retaining an attorney or appearing, by the end of the week.' In response, we told Manager Ravi that he needs to speak with Manju and let us know as soon as possible what they intend on doing, otherwise we will be moving for a default judgment against the corporations and individuals. Manager Ravi told us that he would speak with Manju and call us back by that Friday; however, yet again, we never received any such telephone call back." Id. ¶ 13.

On February 21, 2018, Plaintiffs filed a request for certificates of default, relying on the returns of summonses described above as proof of service. See ECF No. 10-1.

In the affirmation in support of the opposition to the motion to vacate, Plaintiffs' attorney stated that "[o]n or about February 22, 2018, we contacted Defendants' place of business, and spoke again with Manager Ravi. He said that owner Parveen has been in a coma for last year [sic] and his wife, Manju, has been in charge of business. Manager Ravi also informed us that he had spoken with Ms. Palhotra [sic] about her lawsuit, and that she had held a meeting with an attorney about it. . . . During this same telephone conversation, Manager Ravi then informed us that Ms. Palhotra [sic] stated that she is unlikely to retain any attorney, and that she does not care if we get a judgment against her, or her companies. We responded to Manager Ravi that Ms. Palhotra [sic] should contact us promptly if she is interested in settling or resolving this matter,

5

and we told Manager Ravi that we already requested certificates of default." ECF No. 18 ¶¶ 15-16.

According to this affirmation in opposition to the motion to vacate, Plaintiffs spoke with the same defense attorney on October 5, 2018, who informed Plaintiffs "that, despite having met with [Mrs. Malhotra] about this lawsuit, [Mrs. Malhotra] had declined to retain his services." Id. ¶ 34.

Following the Clerk of Court's entry of default against all Defendants, Plaintiffs moved for a default judgment as to all Defendants. See ECF Nos. 11 & 12. On August 28, 2018, the District Court granted Plaintiffs' motion for default judgment and issued the default judgment. See 8/28/2018 Dkt Entry & ECF No. 13. The default judgment found that all "Defendants were properly served and aware of the Complaint against them and have failed to provide a response in over three months since being service." ECF No. 13 ¶ 10. The Court entered the following Order:

> DEFAULT JUDGMENT ORDER, that Plaintiff Luis Ventura has judgment against Guru Nanak Auto Imports Inc., Guru Nanak Auto Parts Inc., Krish Auto Parts Inc., Manju Malhotra, Parveen Malhotra, and Sunil Malhotra, as individuals, in the liquidated amount of $128,404.00; that Plaintiff Antonio Pavon has judgment against Guru Nanak Auto Imports Inc., Guru Nanak Auto Parts Inc., Krish Auto Parts Inc., Manju Malhotra, Parveen Malhotra, Sunil Malhotra as individuals, in the liquidated amount of $52,765.00.; and that Plaintiffs' counsel Helen F. Dalton & Associates, P.C. has judgment against Guru Nanak Auto Imports Inc., Guru Nanak Auto Parts Inc., Krish Auto Parts Inc., Manju Malhotra, Parveen Malhotra, and Sunil Malhotra in the liquidated amount of $894.00.

ECF No. 13.

According to Mrs. Malhotra's opposition affidavit, in March or April 2021, when Mrs. Malhotra was refinancing her home, she was informed about the default judgment. ECF No. 17-2 ¶ 7.

On August 31, 2021, Plaintiffs filed a request for a certification of judgment on the default judgment. See ECF No. 15. Plaintiffs filed a renewed request for a certification of judgment on the default judgment on February 15, 2022. See ECF No. 16. The Clerk of Court notified Plaintiffs that a request for a certification of judgment is to be submitted directly to the Clerk's Office either in person or by mail and was not to be filed electronically on the docket. See Dkt Entry 2/17/2022.

Mrs. Malhotra filed a motion to vacate the default judgment on August 31, 2023. See ECF No. 17. In support of the motion, Mrs. Malhotra submitted a sworn statement as to facts surrounding the businesses, her family circumstances and the lawsuit. In relevant part, she described the circumstances of her husband's accident and death. See ECF No. 17-2 ¶¶ 3-4. She described her very limited involvement in the business after his accident. Id. ¶ 5. She stated that her husband had been the sole owner of the business, and that she had never been employed at the businesses. Id. ¶¶ 9, 13. She also affirmed that she had never been a shareholder, owner, operator, officer or agent of the businesses, and that she had never had any management responsibilities at the businesses. Id. ¶¶ 14-23. Mrs. Malhotra submitted with the motion additional evidence concerning her husband's accident and death. See ECF Nos. 17-4 (report of court evaluator for guardianship petition); 17-5 (guardianship order); 17-6 (death certificate).

Mrs. Malhotra also submitted a memorandum of law arguing that her motion to vacate should be granted under Federal Rule of Civil Procedure 60(b). Her arguments are focused on the service failures as well as the lack of merit as to Plaintiffs' claims against her; they are primarily framed in the language of "excusable neglect" under FRCP 60(b). See ECF No. 17-1. Plaintiffs opposed the motion claiming that valid service was made, that Mrs. Malhotra had notice of the lawsuit during its pendency, that she lacks meritorious defenses, and that Plaintiffs

7

would be prejudiced by vacatur of the judgment. See ECF No. 18 ¶¶ 28-56. The Court does not detail most of the arguments made by the parties because, except as to the service question, they are imprecisely framed and not of relevance to the Court's recommendation for the reasons explained below.

## II. Discussion

### A. Relief Under FRCP 60(b)(1-3) Is Time-barred And Unavailable To Mrs. Malhotra

Per Federal Rule of Civil Procedure 60(b), a court may vacate a final judgment for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. A motion to vacate under Rule 60(b) is "addressed to the sound discretion of the district court and [is] generally granted only upon a showing of exceptional circumstances." Mendell, on Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990). As to the timing of such motion, and as relevant here, a motion under Rules 60(b)(1), 60(b)(2), or 60(b)(3) may be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Id. Even within the one-year timeframe for bringing a motion under Rule 60(b)(1), a court is not precluded from finding that a motion filed within that period nevertheless was not made "within a reasonable time." See Fed. R. Civ. P. 60(c)(1).

One of Mrs. Malhotra's primary grounds for vacatur—FRCP 60(b)(1), excusable neglect—is thus time-barred under this rule. As noted above, Mrs. Malhotra stated under oath

8

that she learned of the default judgment in March or April 2021. See ECF No. 17-2 ¶ 7. The present motion was brought almost three years after the August 2018 entry of judgment and more than two years after Mrs. Malhotra admittedly learned of the judgment. These dates far exceed the one-year period. Of note is that Mrs. Malhotra does not argue for tolling, even if certain tolling such as during the COVID-19 pandemic might be available for some period of time. No tolling evidence on the record would be sufficient to find the motion timely under FRCP 60(b)(1-3).

### B. The Judgment Is Void For Failure To Serve Mrs. Malhotra Properly

The Court must now focus on the alternate theory that service of process was defective. Failure of service of process as it relates to vacating a default motion falls under FRCP 60(b)(4). "Before a court may exercise personal jurisdiction over a defendant, three requirements must be met: (1) 'the plaintiff's service of process upon the defendant must have been procedurally proper'; (2) 'there must be a statutory basis for personal jurisdiction that renders such service of process effective'; and (3) 'the exercise of personal jurisdiction must comport with constitutional due process principles.'" Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC, 22 F.4th 103, 121 (2d Cir. 2021) (quoting Waldman v. Palestine Liberation Organization, 835 F.3d 317, 327-28 (2d Cir. 2016) ("Waldman I"), cert denied sub nom. Sokolow v. Palestine Liberation Organization, ⎯⎯ U.S. ⎯⎯, 138 S. Ct. 1438 (2018) (mem.). If service has failed, a judgment based on such service is void. As summarized in a fairly recent case, a failure of a court to achieve personal jurisdiction over a defendant by valid service of process requires the conclusion that a judgment in such a case is a nullity. See Lu v. Nisen Sushi of Commack, LLC, No. 18Civ. 7177 (RJD) (ST), 2022 WL 16754744, at *3 (E.D.N.Y. Aug. 29, 2022),

report & recommendation adopted, No. 18 Civ. 7177 (RJD) (ST), 2022 WL 4597436 (E.D.N.Y. Sept. 30, 2022).

As explained in a leading default judgment case, City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 115, 138 (2d Cir. 2011), a default judgment is void under Rule 60(b)(4) "if it is rendered by a court that lacks jurisdiction over the parties." Id. (citing "R" Best Produce Corp. v. DiSapio, 540 F.3d 115, 123 (2d Cir. 2008)). The Second Circuit held in Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005), that if a judgment is void, "it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." See Covington Indus., Inc. v. Resintex A. G., 629 F.2d 730, 733 (2d Cir. 1980) (affirming vacatur of judgment of federal district court in different circuit where original district court had lacked personal jurisdiction over defendant). A judgment is "void" under Fed. R. Civ. P. 60(b)(4) when it is "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010); see Grace v. Bank Leumi Tr. Co. of N.Y., 443 F.3d 180, 193 (2d Cir. 2006) (Under Rule 60(b)(4), a judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."). The rule "strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute." Espinosa, 559 U.S. at 276. Unlike the other sections of Rule 60(b), under Rule 60(b)(4), courts have "no judicial discretion when considering a jurisdictional question such as the sufficiency of process." Am. Inst. of Certified Pub. Accts. v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375-76 (S.D.N.Y. 1998); see Burda Media, 417 F.3d at 298.

The burden of proof on a Rule 60(b)(4) motion is properly placed on the party that alleges that the judgment is not valid. See Triad Energy Corp. v. McNell, 110 F.R.D. 382, 385 (S.D.N.Y. 1986). The Second Circuit has added a nuance to this baseline practice by holding that "on a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur." Burda Media, 417 F.3d at 299; Lu, 2022 WL 16754744, at *4. If there is a genuine dispute as to whether the defendant had actual notice of a lawsuit before the entry of default judgment, courts have found that the burden of proof properly remains with the plaintiff. See Luxottica Grp. S.p.A. v. Wafa Ali Inc., No. 19 Civ. 6582 (FPG), 2023 WL 6377332, at *2 (W.D.N.Y. Sept. 29, 2023); Weingeist v. Tropix Media & Ent., No. 20 Civ. 275 (ER), 2022 WL 970589, at *4 (S.D.N.Y. Mar. 30, 2022); Lu, 2022 WL 16754744, at *4; Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc., No. 17 Civ. 5553 (LGS) (GWG), 2020 WL 4497160, at *4 (S.D.N.Y. Aug. 5, 2020), report & recommendation adopted, No. 17 Civ. 5553 (LGS), 2020 WL 7093592 (S.D.N.Y. Dec. 4, 2020), appeal dismissed (May 21, 2021).

Through this lens, the Court must consider whether proper service was made on Mrs. Malhotra. Considering the record—and focusing the question of proof of events surrounding service rather than on Mrs. Malhotra's post-accident control of Mr. Malhotra's personal affairs—the Court concludes that Plaintiffs have failed to present sufficient evidence that service was properly effectuated with respect to Mrs. Malhotra.

### 1. Service Under Federal Rule Of Civil Procedure 4(e)(2)

Federal Rule of Civil Procedure 4(e)(2) provides that an individual may be served by (A) delivering a copy of the summons and of the complaint to the individual personally, (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  See Fed. R. Civ. P. 4(e)(2)(A)-(C).  Plaintiffs have not offered any evidence that they have satisfied any of these methods.  There is no evidence that Plaintiffs served the summons and Complaint on Mrs. Malhotra personally or left the documents at her dwelling or usual place of abode.  Even if the Court were to accept Plaintiffs' allegation in the return of service that Mr. Rivera was a managing agent of Corporate Defendants (and thus could accept service on behalf of Corporate Defendants), Plaintiffs do not offer any evidence that Mr. Rivera was authorized to accept service on Mrs. Malhotra's behalf.

### 2. Service Under New York Law

Plaintiffs were also permitted to properly serve Mrs. Malhotra by complying with applicable state law.  See Fed. R. Civ. P. 4(e)(1).  In New York, there are "five methods for serving an individual [under N.Y. C.P.L.R. § 308]: (1) delivering the summons on the individual personally; (2) delivering the summons to the individual's place of business or residence, as well as mailing the summons to the individual at his place of business or residence, . . . ; (3) delivering the summons to an agent; (4) if neither 308(1) or 308(2) service can be made with due diligence, by affixing the summons to the door of the individual's place of business or residence, as well as mailing the summons to the place of business or residence; or (5) if 308(1), 308(2), or 308(4) is impracticable, then delivering summons in a manner specified by the court." Cyrus v. Lockheed Martin Corp., No. 20 Civ. 6397, 2022 WL 203750, at *3 (E.D.N.Y. Jan. 24, 2022)

(citing N.Y. C.P.L.R. § 308). The Court has reviewed all the returns of summonses in this case. Plaintiffs seem to have opted to try to pursue service under Section 308(2) of the New York CPLR: a summons was delivered by Mr. Rivera at Mrs. Malhotra's alleged "actual place of business" and mailed to her "last known place of business." ECF No. 6.; see Sackett v. Dirlam, No. 22 Civ. 6245, 2023 WL 4206520, at *6 (W.D.N.Y. June 26, 2023) (noting that papers may be delivered to an individual of "suitable age and discretion" at the defendant's business address, which can include an "adult co-worker"). "New York law requires strict compliance with both the personal delivery and mailing requirements of CPLR § 308(2)." Assets Recovery 23, LLC v. Gasper, No. 15 Civ. 5049, 2018 WL 5849763, at *6 (E.D.N.Y. Sept. 11, 2018).

This evidence of service is flawed in two ways.[2] First, the return of summons does not state the address to which the summons was mailed. Instead, the process server typed over the word "address" in the phrase "the individual's last known address" and inserted "place of business." ECF No. 6. Without putting an address or using the phrase "actual place of business" rather than "last known place of business," it is not possible to determine to where the process server mailed the summons. The Court cannot assume that the "last known place of business" is the same as the "actual place of business." Because the affidavit of service is defective on its face, the Court cannot conclude that service was proper.

Second, the record, including the return of summons, is insufficient to prove service was made under Section 308(2). Personal service by way of delivery to a suitable person at a defendant's actual place of business is allowed because it is presumed that the business

---

[2] The Court need not decide whether the burden of proof as to service rests with Plaintiffs or Mrs. Malhotra to show whether service occurred because under either allocation, Plaintiffs' view is unsuccessful. Either Plaintiffs failed to submit any evidence to support their view, given the inherent defects in the return of summons, or Mrs. Malhotra has supported her position that in the face of the defective return of summons, she has sufficiently shown that she was not served.

13

relationship between the deliveree and the defendant will induce the prompt redelivery of the summons to the defendant. . . ." There must be an identification of the defendant's business with the place, such as comes with employment or proprietorship[.]" Leung v. New York Univ., No. 08 Civ. 05150 (GBD), 2016 WL 1084141, at *7 (S.D.N.Y. Mar. 17, 2016). "New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her with that place of business." Williams v. Miracle Mile Properties 2 LLC, No. 20 Civ. 3127 (JS) (ARL), 2022 WL 1003854, at *4 (E.D.N.Y. Feb. 1, 2022) (internal citations omitted). "[I]t is not effective service to serve an individual at the place of business . . . unless there is an indication the individual actually works at that address." Id.; see Chen v. Best Miyako Sushi Corp., No. 16 Civ. 2012 (JGK) (BCM), 2021 WL 707273, at *9 (S.D.N.Y. Feb. 1, 2021) (finding no evidence in the affidavits of service – or elsewhere in the record – that 642 Amsterdam Avenue was the "actual place of business" of any of the individuals when they were allegedly served).

The server, Charles Kastner, avers that he "left the summons with Kevin Rivera-co-worker-Auth. to accept" a person of suitable age and discretion who works at "the individual's place of business." ECF No. 6. Mr. Kastner does not describe how he deduced that Mr. Rivera was Mrs. Malhotra's "co-worker"; he simply states that Mr. Rivera has such a position. Because Mr. Kastner not state the basis for his belief, his affidavit is insufficient to show proper delivery of the papers. The only statements in the record that Mrs. Malhotra worked in any capacity at Corporate Defendants are in the Complaint, which is not sworn. Plaintiffs have not supplemented the record with any sworn testimony to explain who Mr. Rivera is and what his role was at Corporate Defendants or in relation to Mrs. Malhotra. For example, Plaintiffs did not

14

submit affidavits by the named Plaintiffs or members of the putative collective action to describe her presence at the businesses or her relationship with Mr. Rivera. See O'Hara v. Cohen-Sanchez, No. 22 Civ. 6209 (RPK) (JRC), 2023 WL 5979176, at *4 (E.D.N.Y. Aug. 28, 2023) (collecting cases); Smith v. Smith, No. 19 Civ. 1638 (AMD) (RML), 2021 WL 4268015, at *1 (E.D.N.Y. July 22, 2021), report & recommendation adopted, 2021 WL 3524160 (E.D.N.Y. Aug. 11, 2021). By contrast, in her sworn affidavit, Mrs. Malhotra affirmatively avers that she did not work at the businesses. See ECF No. 17-2 ¶ 13. Mrs. Malhotra offers a sworn statement that after her husband's accident, she had minimal involvement at the business and that she never knew about the lawsuit before the bank informed her of it. See id. ¶¶ 5, 24.

In light if her sworn statement, Plaintiffs' failure to offer evidence is fatal to their argument. Even Plaintiffs' theory that Mrs. Malhotra took over the business when her husband was injured does not confirm that she was working at the business in October when service occurred because her guardianship petition was only approved in November 2017. See id. ¶ 5. Even if one were to grant that Mrs. Malhotra had some "connection" to Mr. Rivera, Plaintiffs fail to present sufficient evidence of what that connection was, which would be necessary before one could reasonably infer that Mr. Rivera was an appropriate person for service on Mrs. Malhotra. See N.Y. C.P.L.R. § 308(2) (requiring that papers be delivered to "a person of suitable age and discretion"); Maldonado v. Arcadia Bus. Corp., No. 14 Civ. 4129, 2015 WL 12791329, at *2 (E.D.N.Y. Aug. 27, 2015) (stating that the person "must objectively be of sufficient maturity, understanding and responsibility under the circumstances so as to be reasonably likely to convey the summons to the defendant").

The Court concludes that service of process was never properly delivered to Mrs. Malhotra. The Court lacks jurisdiction over her. Given that the Court lacked personal

15

jurisdiction over Mrs. Malhotra, the default judgment is void and must be vacated against her.[3] See Luxottica Grp. S.p.A., 2023 WL 6377332, at *1 ("'If service is improper, a default judgment rendered after such service . . . must be vacated.'") (citing Cablevision Sys. NY City Corp. v. James, No. 01 Civ. 8170, 2008 WL 821513, at *1 (E.D.N.Y. Mar. 24, 2008)) (emphasis in original).

### III. Conclusion

For the reasons stated above, the Court finds that Mrs. Malhotra was not properly served with the Complaint. The Court therefore respectfully recommends that the motion to vacate the default judgment against Mrs. Malhotra be granted.

### IV. Objections

This report and recommendation will be filed electronically. Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any request for an extension of time for filing objections must be directed to the District Judge prior to the expiration of the fourteen-day period for filing objections. Failure to file objections within fourteen days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (stating that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a

---

[3] Where a defendant's motion to vacate a default judgment should be granted under Rule 60(b)(4), the court need not address the merits of the default judgment's motion to vacate. See Hawthorne v. Citicorp Data Systems, Inc., 219 F.R.D. 47, 51 (E.D.N.Y. 2003) (finding that where the court granted the defendant's motion under Rule 60(b)(4), it need not address the defendant's arguments concerning Rule 60(b)(3)).

16

magistrate [judge]'s recommended decision, it waives any right to further review of that decision") (internal citation & quotations omitted).

Dated: Brooklyn, New York
August 12, 2024

*Vera M. Scanlon*
Vera M. Scanlon
United States Magistrate Judge